Dewey, J.
The preliminary question in this case is, whether certiorari lies to towns in cases of private ways.
That certiorari is the proper mode of reviewing the proceedings of the late court of sessions, and of the tribunal that has succeeded it, clothed with the power to lay out and establish public highways, the county commissioners, is quite manifest from the frequency with which it has been resorted to and successfully maintained in those cases. The cases of this kind are too frequent to require a special reference. On the other hand, it is believed that not a solitary precedent can be referred to, of a certiorari issued to a town, to remove these proceedings in the case of a private or a town way. It seems to have been understood by the profession, that in the latter cases, certiorari would not lie, but that the question *293 of the legality of such private or town way was to be tried in another form, as in trespass, if the land-owner would litigate the matter, or in a full investigation as to the regularity of the proceedings, if it was an action for damages against the town for injuries sustained by reason of a defective town way. Craigie v. Mellen, 6 Mass. 7; Jones v. Andover, 9 Pick. 146; Kean v. Stetson, 5 Pick. 492, were eases of this kind.
It must be conceded, that the writ of certiorari has not been confined to judicial acts in the English practice; and we feel the force of the argument of the petitioner, that considerations of policy and convenience may require, that this remedy should be resorted to, rather than to raise the question of the legality of a way by an action of trespass.
But considering the law on this subject as fully settled by an unbroken practice from the earliest times of the location of private and town ways; that they were always open to litigation as to their legality by any party aggrieved, in actions of trespass or case, when their legal existence was material to be shown, and not liable to be set aside by certiorari; we have felt bound to dismiss the petition, upon the ground that certiorari is not the proper mode to try the legality of a private way established by the doings of the selectmen and a vote of the town.
A similar view of the law and practice on this subject prevails in the states of New Hampshire and Maine. Robbins v. Bridgewater, 6 N. H. 524; Harlow v. Pike, 3 Greenl. 438; Baker v. Runnels, 3 Fairf. 237.
It is true, that it is held that certiorari will lie to the mayor and aldermen of Boston, to remove the proceedings on the location of ways in Boston. But the ground, upon which it has always been placed, is that the powers of the mayor and aldermen, in such cases, are Hire those of county commissioners, and require no act or vote of the town. Parks v. Boston, 8 Pick. 218; Stone v. Boston, 2 Met. 220.
So also certiorari lies to the county commissioners to revise their proceedings in the location of a town way, on an appeal under the statute from the action of the town, but the tribunal, whose doings are thus revised, is one to which certiorari *294 properly lies; and having acquired jurisdiction of the case, if their proceedings are unauthorized, application may be made to this court for a certiorari. Petition dismissed.